NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARY THOMPSON,

Plaintiff-Appellant,

v.

ISAGENIX INTERNATIONAL LLC;
ISAGENIX WORLDWIDE, INC.,

Defendants-Appellees.

No.   20-15780

D.C. No. 2:18-cv-04599-SPL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted June 9, 2021**
Portland, Oregon

Before:  WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Mary Thompson appeals an order of the district court dismissing her

complaint against Isagenix International, LLC, and Isagenix Worldwide, Inc.

(collectively, "Isagenix") and compelling arbitration of her claims against Isagenix

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Telephone Consumer Protection Act, 47 U.S.C. § 227. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Thompson assented to Isagenix's Policies and Procedures ("P&Ps"), which included the arbitration provision, by placing orders online after enrolling as an associate. The order screen through which Thompson placed orders stated that by clicking the checkout button, she was agreeing to the P&Ps, which were conspicuously hyperlinked immediately above. We have "been more willing to find the requisite notice for constructive assent" under such circumstances. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014). The district court therefore did not err in dismissing Thompson's complaint and compelling arbitration.

2. The district court did not err in considering a declaration from the Isagenix Director of Global Compliance concerning the order screen. A court may consider evidence outside the pleadings when ruling on a Rule 12(b)(1) motion to dismiss and a motion to compel arbitration. *See Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003); *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (requiring that a district court determine whether an agreement has been reached to arbitrate in evaluating a motion to compel arbitration). We decline to consider Thompson's argument that the declaration was inaccurate, which was raised for the first time below in a motion for reconsideration,

the denial of which Thompson acknowledges "is not a subject of this appeal."

3.     Thompson's argument that the district court denied her the opportunity to develop and submit evidence is unavailing. After Isagenix submitted evidence related to Thompson's assent to the P&Ps with its motion, Thompson had the opportunity to supply contrary evidence in her opposition. She simply failed to do so. Thompson asserts that Isagenix "stonewall[ed]" her on discovery, but Isagenix timely responded to Thompson's discovery request and the only discovery issue raised below did not bear on arbitrability.

**AFFIRMED.**