**Richard Scott BUSHLEY,**
**Plaintiff–Appellee,**

v.

**CREDIT SUISSE FIRST BOSTON,**
**a Delaware Corporation,**
**Defendant–Appellant.**

**No. 03–15901.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Filed March 16, 2004.

Michael D. Early, Steefel, Levitt & Weiss, San Francisco, CA, for the defendant-appellant.

Thomas E. Duckworth, Otis, Canli & Duckworth, LLP, San Francisco, CA, for the plaintiff-appellee.

Before LEAVY, PAEZ, and BERZON, Circuit Judges.

LEAVY, Circuit Judge.

The issue presented is whether we have appellate jurisdiction to review the district court's order denying arbitration in one forum requested by the appellant when the same order also compels arbitration in an alternate forum requested by the appellant. Because the district court ordered arbitration pursuant to 9 U.S.C. § 4, its order is not appealable under 9 U.S.C. § 16(b)(2), we have no jurisdiction, and the appeal is dismissed.

## BACKGROUND

Credit Suisse First Boston ("CSFB") hired Richard Bushley in 1998 as a sales assistant in its Technology Private Client Services Group. CSFB terminated Bushley for cause in June 2001. The termination followed a federal investigation regarding CSFB's internal policies for commission sales of stock in initial public offerings. CSFB paid substantial fines as a result of the investigation. In October 2002, Bushley filed this action in the California Superior Court for wrongful termination, libel and slander, and for injunctive relief under California Business and Professions Code § 17200 et seq.

CSFB removed the action to federal court pursuant to 28 U.S.C. § 1441 based upon diversity jurisdiction. CSFB then petitioned to compel arbitration under 9 U.S.C. § 4 and to stay the proceedings pending arbitration under 9 U.S.C. § 3, or in the alternative, to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). CSFB filed declarations in support of its petition stating that Bushley's claims were subject to arbitration before the National Association of Securities Dealers ("NASD"). CSFB asserted that Bushley signed a "Form U-4 Uniform Application for Securities Industry Regulation" ("Form U-4") containing an arbitration agreement that required arbitration before the NASD. CSFB also asserted that Bushley's claims were subject to arbitration under CSFB's Employment Dispute Resolution Program ("EDR program").

Bushley opposed the petition, arguing that there was no contract obligating him to submit to NASD arbitration. Bushley filed a declaration admitting that he signed the Form U–4 attached as Exhibit D to the declaration of CSFB's Director and Counsel in its Legal and Compliance Division. Form U–4 required arbitration of disputes under the rules of one or more organizations checkmarked in Section 10 of the Form U–4. The Form U–4 attached as Exhibit D to CSFB's declaration, however, had *no* organization checkmarked in Section 10. Bushley also declared that he did not agree to be subject to the EDR program.

In reply to Bushley's declaration, CSFB filed another declaration and attached Exhibit A, consisting of a copy of a Form U–4 signed by Bushley on file with the NASD. That copy of Form U–4 has "NASD" checkmarked in Section 10.

The district court conducted a hearing on CSFB's petition and considered the enforceability of both the Form U–4 arbitration provision and the EDR provisions mandating arbitration. The court inquired about the timing of the checkmark on the Form U–4 filed with the NASD. The transcript discloses:

> CSFB COUNSEL: All I can tell you is, is that in order for the Form to go to the NASD and to have Mr. Bushley registered, the box had to be checked. I don't understand how it was that there's an unchecked box form—at least, one, you can't see a checkmark in in [sic] CSFB's file, but the form that was sent to the NASD, that box is checked.
>
> THE COURT: You know, it's pretty simple somebody just checked it and sent it on.
>
> . . . .
>
> . . . I'm going to conclude that the form was not checked cause that's the only evidence that I have, and I don't know who checked it later, but I know that it's clear that it was checked sometime after his signature was placed on there. If there were no dispute, it would be easy. But there is a dispute, so I'm not willing to just leap over those disputes and make those assumptions.
>
> So now we're back to the EDR forms.
>
> . . . .
>
> I don't know that Mr.—that Mr. Bushley checked the box, and that's the problem. At this point, this is not a good investment of my time. So I'm still at the EDR form at this point cause I'm not prepared to make a finding that he assented to the U4 in the face of the dispute and given what I have in front of me, so that's probably not a good investment of any of our time, going down that road.
>
> With respect to the EDR, do you all have any other comments with respect to that that you want me to consider?

Towards the end of the hearing, Bushley withdrew an unconscionability objection to EDR arbitration in light of CSFB's stipulation that the EDR arbitration could occur in California applying California law.

The district court then entered an order granting CSFB's petition to compel arbitration of all claims except Bushley's claim for injunctive relief, which was not subject to arbitration. The district court dismissed this claim without prejudice. The district court later amended its order to specify that CSFB's petition to compel arbitration before the NASD was denied, and CSFB's petition to compel arbitration pursuant to CSFB's EDR program was granted. The district court ordered Bushley to submit his claims before one of the arbitrators specified in CSFB's EDR program.

No separate judgment was entered. CSFB appealed from the amended order denying arbitration before the NASD.

## STANDARD OF REVIEW

The district court's decision to grant or deny a motion to compel arbitration is reviewed de novo. *See Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 n. 2 (9th Cir.2002) (decision granting motion to compel arbitration is reviewed de novo); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1169 (9th Cir.2003) (decision denying motion to compel arbitration is reviewed de novo).

## ANALYSIS

Section 16 of the Federal Arbitration Act governs appellate review of arbitration orders. 9 U.S.C. § 16. The statute provides:

(a) An appeal **may** be taken from—

(1) an order—

(A) refusing a stay of any action under section 3 of this title,

(B) **denying a petition under section 4 of this title to order arbitration to proceed,**

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correction, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal **may not** be taken from an interlocutory order—

(1) granting a stay of any action under section 3 of this title;

(2) **directing arbitration to proceed under section 4 of this title;**

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

*Id.* (emphasis added).

 As an initial matter, the parties do not contend, nor do we conclude, that we have appellate jurisdiction pursuant to § 16(a)(3), which allows an appeal from "a final decision with respect to an arbitration. . . ." The district court denied CSFB's request for NASD arbitration, granted CSFB's alternative request for EDR arbitration, and dismissed without prejudice Bushley's claim under California Business and Professions Code § 17200 et seq. The district court did not rule upon CSFB's motion to stay the proceedings pursuant to 9 U.S.C. § 3 or CSFB's alternative motion to dismiss the action pursuant to FED. R. CIV. P. 12(b)(6).

In *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), the Supreme Court stated that the term "final decision" in § 16(a)(3) has the longstanding meaning of a decision that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Id.* at 86 (internal quotation and citations omitted). In *Green Tree*, the district court had granted the defendants' motion to compel arbitration, denied the motion to stay the proceedings, and dismissed the plaintiff's claims with prejudice. The Supreme Court concluded that the district court's order was final under § 16(a)(3) because the district court had nothing left to do but execute the judgment. *Id.* at 88–89, 121 S.Ct. 513; *see also Interactive Flight Techs., Inc. v. Swissair Swiss Air*

*Transp. Co. Ltd.,* 249 F.3d 1177, 1179 (9th Cir.2001) (holding that the district court's order dismissing one cause of action for failure to state a claim, compelling arbitration of remaining claims, and dismissing plaintiff's action without prejudice is a final appealable order under § 16(a)(3) "because the district court's order and judgment sufficiently show that the court intended to close this case without precluding the parties from bringing a new action after completing arbitration."). In this case, by contrast, the district court has not ruled upon CSFB's motion to stay the proceedings pursuant to 9 U.S.C. § 3 or, alternatively, the motion to dismiss the action pursuant to FED. R. CIV. P. 12(b)(6), and no judgment has been entered. Although the district court did not rule upon the motion to stay the proceedings, Bushley's action is effectively stayed pending the conclusion of the EDR arbitration. *Cf. Green Tree,* 531 U.S. at 87 n. 2, 121 S.Ct. 513 ("Had the district court entered a stay instead of a dismissal in this case, that order would not be appealable.").[1] The district court's order therefore is not final and appealable under § 16(a)(3).

■ CSFB argues that we have jurisdiction, pursuant to § 16(a)(1)(b), because the district court denied its petition to order NASD arbitration. Bushley responds that we have no jurisdiction, pursuant to § 16(b)(2), because the district court directed him to proceed with arbitration under the EDR program.

CSFB maintains that Bushley was required to be a registered broker with the NASD as a condition of his employment, and, furthermore, CSFB's EDR program also required its registered brokers to submit to NASD arbitration. But CSFB also argued in the district court that, at a minimum, the EDR program required arbitration before an alternative arbitration service provider. The district court determined that the Form U–4 was not properly executed to show conclusively that Bushley assented to NASD arbitration, and that it was "not a good investment of any of our time, going down that road." The district court then granted CSFB the alternative EDR arbitration forum CSFB had requested. Because the court ordered arbitration to proceed under 9 U.S.C. § 4, we are without jurisdiction under § 16(b)(2).

■ The Federal Arbitration Act represents Congress's intent "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Sink v. Aden Enter. Inc.,* 352 F.3d 1197, 1200 (9th Cir.2003) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Section 16 of the Act "endeavor[s] to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration." *Augustea Impb Et Salvataggi v. Mitsubishi Corp.,* 126 F.3d 95, 98 (2d Cir. 1997) (quoting *Filanto, S.p.A. v. Chilewich Int'l Corp.,* 984 F.2d 58, 60 (2d Cir.1993)) (additional citations omitted). In *Augustea,* the district court ordered Mitsubishi to arbitrate its dispute with Augustea in

---

1. We endorse the advice of the Second Circuit to the district courts stated in *Salim Oleochemicals v. M/V Shropshire,* 278 F.3d 90, 93 (2d Cir.2002):

 We urge district courts in these circumstances to be as clear as possible about whether they truly intend to dismiss an action or mean to grant a stay pursuant to 9 U.S.C. § 3, which supplies that power, or whether they mean to do something else entirely. Courts should be aware that a dismissal renders an order appealable under § 16(a)(3), while the granting of a stay is an unappealable interlocutory order under 16(b).... Unnecessary delay of the arbitral process through appellate review is disfavored.

London, pursuant to arbitration terms contained in certain bills of lading. Mitsubishi moved for reconsideration, arguing that the arbitration terms in the "Mitsubishi–Elcano Agreement" ("Agreement") governed, and provided for arbitration in New York. The district court resolved the conflict between the arbitration terms of the Agreement and the arbitration terms in the bills of lading, ruling that the arbitration terms of the Agreement governed. The district court vacated its first order and ordered arbitration to proceed in New York. *Id.* at 97–98. Augustea appealed, and the Second Circuit concluded it had no jurisdiction to hear the appeal, stating:

> We believe that a holding that a district court's order compelling arbitration in New York rather than London is the equivalent of an order denying arbitration pursuant to 9 U.S.C. § 16(a)(1)(C) would subvert section 16's purpose of promoting arbitration and "prevent[ing] parties from frustrating arbitration through lengthy preliminary appeals," *Stedor Enterprises, Ltd. v. Armtex,* 947 F.2d 727, 730 (4th Cir.1991). This we will not do . . . .

> Under Augustea's rationale, anytime the parties disagree as to the situs provided by their arbitration agreement, the losing party could bring an appeal, delaying the arbitration. Because the effect of such a rule would tie down the parties in continued litigation rather than promote arbitration, we reject Augustea's argument.

> . . . Section 16(a)(1)(C)'s language provides that a party may appeal from a district court order denying a motion to compel arbitration pursuant to 9 U.S.C. § 206, while under section 16(b)(2) and (3) a party cannot appeal an order compelling arbitration. Pursuant to the plain meaning of this statute, then, a party cannot appeal a district court's order unless, at the end of the day, the parties are forced to settle their dispute other than by arbitration. In the present case, the district court's order compels the parties to settle their dispute by arbitration pursuant to 9 U.S.C. § 4, and therefore, according to section 16(b)(2), it cannot be appealed.

*Augustea,* 126 F.3d at 98–99.

The reasoning of the Second Circuit is applicable here. The district court's order compels the parties to settle their dispute by arbitration pursuant to 9 U.S.C. § 4, albeit not in the "first-choice" NASD forum requested by CSFB. The parties are compelled to arbitrate in the alternative EDR forum requested by CSFB. In *Augustea,* the district court resolved a conflict between two different arbitration provisions that directed arbitration at different sites. Similarly, the district court in the present case was presented with a conflict over the applicability of two different arbitration provisions that directed arbitration in two different forums: NASD and EDR. The district court resolved the conflict by concluding that the Form U–4, requiring NASD arbitration, was not properly executed, and the EDR arbitration provisions were applicable. Section 16's purpose of promoting arbitration would be frustrated by further litigation over the applicability of the NASD forum.

We have no jurisdiction and the appeal is dismissed.

DISMISSED.