NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE DIAZ HERMOSILLO; OSCAR DIAZ HERMOSILLO, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DAVEY TREE SURGERY COMPANY; THE DAVEY TREE EXPERT COMPANY, <br><br> Defendants-Appellants. | No.   18-16522 <br><br> D.C. No. 5:18-cv-00393-LHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 13, 2020[**]
San Francisco, California

Before:  GOULD and MURGUIA, Circuit Judges, and FEINERMAN,[***] District Judge.

Dissent by Judge FEINERMAN

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

Defendants-Appellants Davey Tree Surgery Company and The Davey Tree Expert Company (together, "Davey Tree") appeal the district court's order compelling arbitration. We lack jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 16, and therefore dismiss the appeal on that basis.

Plaintiffs-Appellees brought an employment-related class action against Davey Tree in state court. Shortly thereafter, Davey Tree successfully removed the case to federal court pursuant to the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2). Davey Tree then moved to compel individual arbitration on all causes of action—with the exception of the claim brought under California's Private Attorneys General Act ("PAGA")—pursuant to (1) the arbitration clause in Plaintiffs-Appellees' employment applications, and (2) a stand-alone arbitration agreement.

The district court denied in part and granted in part Davey Tree's motion, compelling arbitration on a classwide basis pursuant to the employment applications but not the stand-alone arbitration agreement.[1] The court then stayed the non-arbitrable PAGA claim pending arbitration of the other claims, ordered the parties to notify the court within seven days of the conclusion of arbitration

---

[1] The district court's reasoning as to why class, as opposed to individual, arbitration was appropriate was reduced to a footnote. The court held: "Although the [stand-alone arbitration agreement] contained a class action waiver, the employment application did not. Thus, Plaintiffs' class claims are subject to the arbitration compelled by this order."

proceedings, and ordered the clerk to "administratively close the file." The court did not expressly dismiss or stay any of the arbitrable claims.

Instead of filing a motion for reconsideration with the district court or seeking an interlocutory appeal pursuant to 28 U.S.C § 1292(b), Davey Tree immediately appealed the district court's order to this Court. Specifically, Davey Tree appeals the portion of the district court's order compelling class arbitration pursuant to the employment applications, and requests that we reverse the district court and compel arbitration on an individual basis. Davey Tree does not appeal the district court's order insofar as it declined to order arbitration pursuant to the stand-alone arbitration agreement. We asked the parties to file supplemental briefing on whether 9 U.S.C. § 16 bars this appeal.

The Federal Arbitration Act limits the type of orders involving arbitration that are immediately appealable. *See* 9 U.S.C. § 16. Generally, orders denying arbitration are immediately appealable. *See* 9 U.S.C. § 16(a)(1)(B)–(C); *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc). On the other hand, orders compelling arbitration and staying proceedings are not immediately appealable absent certification under 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b); *Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1023 (9th Cir. 2014) (holding that 28 U.S.C. § 1292(b) certification "provides the sole route for immediate appeal of an order staying proceedings and compelling arbitration"). However, if a

3

district court grants a motion to compel arbitration *and* dismisses the underlying claims, the order constitutes "a final decision with respect to an arbitration" that is immediately appealable under the Act. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1414 (2019) (quoting 9 U.S.C. § 16(a)(3)).

Here, the district court compelled arbitration, explicitly stayed the non-arbitrable claim, neither explicitly dismissed nor stayed the remainder of the claims, and administratively closed the file. We presume that claims that are not explicitly dismissed by the district court are stayed unless otherwise established. *See MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014) (adopting "a rebuttable presumption that an order compelling arbitration but not explicitly dismissing the underlying claims stays the action as to those claims pending the completion of the arbitration"). Davey Tree does not rebut this presumption. Because the district court's order is an order compelling arbitration and staying proceedings, we lack appellate jurisdiction under the Act.

Davey Tree argues—without legal support—that we also have jurisdiction under 9 U.S.C. § 16(a)(1)(B) because an order compelling arbitration constitutes an order *denying* arbitration when the movant does not obtain arbitration according to the terms it agreed to. It goes without saying that classwide and individual arbitration have different attributes. But whether the parties here agreed to individual or class arbitration is exactly the question presented by Davey Tree's

4

appeal on the merits. In other words, whether Davey Tree got the type of arbitration that it bargained for requires our interpretation of the agreements. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018) ("This Court is not free to substitute its preferred economic policies for those chosen by the people's representatives."). Davey Tree's view of 9 U.S.C. § 16(a)(1)(B) would therefore require this court to consider the merits of Davey Tree's appeal—a tempting but unsupported invitation that would render the Act's limitations on appellate jurisdiction meaningless. *See Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1153 (9th Cir. 2004); *cf. Xi v. U.S. I.N.S.*, 298 F.3d 832, 839 (9th Cir. 2002) ("[A] decision to [rearrange] or rewrite the statute falls within the legislative, not the judicial, prerogative."). We may not, in this procedural posture, opine on the merits.

It is also worth briefly noting that this result is in part a creation of Davey Tree's own doing. Davey Tree could have pursued immediate review in a number of ways without bypassing the jurisdictional limitations of the Act. For example, it could have pursued an interlocutory appeal of the district court's order pursuant to 28 U.S.C. § 1292(b). It also could have asked the district court to reconsider its ruling, particularly since the court's analysis of the issue on appeal was reduced to a footnote. It could have sought clarification from the district court about whether the underlying claims were dismissed, potentially guaranteeing an interlocutory

5

appeal under 9 U.S.C. § 16(a)(3). If the district court denied the request for dismissal, Davey Tree then could have sought reconsideration of that decision. Or it could have also appealed the portion of the district court's opinion *denying* arbitration altogether under the stand-alone agreement, rendering its jurisdictional argument more plausible. But instead of following any of those steps, Davey Tree immediately appealed only the portion of the district court's order compelling arbitration, asking us to read 9 U.S.C. § 16(a)(1)(B) in an unprecedented manner in order to circumvent the text of the statute and fast track a favorable decision. No court has expanded appellate jurisdiction under the Act in the way advocated by Davey Tree,[2] and we see no justification to do so here, particularly in light of these alternative avenues for immediate review.

**DISMISSED for lack of appellate jurisdiction**.

---

[2] The dissent makes much of the fact that our decision in *Bushley* involved different circumstances and is not factually analogous. *See* 360 F.3d at 1154. However, that *Bushley* presents the most analogous case—but is not directly on point—does not cut in Davey Tree's favor. Rather, it reinforces the conclusion that Davey Tree's take on the jurisdictional statute is unprecedented and has never been adopted by any other court.

*Hermosillo v. Davey Tree Surgery Company*, No. 18-16522

FEINERMAN, District Judge, dissenting:

I agree with the court that we lack jurisdiction under 9 U.S.C. § 16(a)(3), but respectfully disagree with its holding that we lack jurisdiction under § 16(a)(1)(B).

Section 16(a)(1)(B) provides that "[a]n appeal may be taken from an order … *denying* a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B) (emphasis added). We addressed § 16(a)(1)(B) in *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149 (9th Cir. 2004). The defendant there moved to compel arbitration before the National Association of Securities Dealers ("NASD"), but the district court instead ordered arbitration before a different arbitral body. *Id*. at 1150-52. We dismissed the defendant's appeal, holding that because "[t]he district court's order compel[led] the parties to settle their dispute by arbitration pursuant to 9 U.S.C. § 4, albeit not in the 'first-choice' NASD forum requested by [the defendant]," § 16(a)(1)(B) did not provide appellate jurisdiction. *Id*. at 1154. In so holding, we relied on *Augustea Impb Et Salvataggi v. Mitsubishi Corp.*, 126 F.3d 95 (2d Cir. 1997), which ruled that § 16(a)(1)(C)—whose text for present purposes is materially identical to § 16(a)(1)(B)'s text—did not provide jurisdiction over the defendant's appeal of an order compelling arbitration in New York when it had asked that the arbitration take place in London. *Id*. at 98-99.

1

*Bushley* and *Augustea* are clearly and straightforwardly correct. In both cases, the defendant moved to compel arbitration of the plaintiff's individual claims, received from the district court an order compelling arbitration of those claims, and quibbled only with incidental features—the arbitral body or location—of the arbitration ordered. Under those circumstances, it could not reasonably be said that the district court had issued an order "denying" the defendant's motion to compel arbitration. 9 U.S.C. § 16(a)(1)(B), (C).

This case presents a much closer question: When the defendant moves for individual arbitration, but the district court orders classwide arbitration, does the order qualify under § 16(a)(1) as one "denying" the defendant's motion? The Supreme Court in *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019)—where, as here, the district court ordered classwide arbitration when the defendant moved for individual arbitration—left open that question. *See id.* at 1413-14 (finding the question "beside the point" because appellate jurisdiction was proper under § 16(a)(3)); *cf. id.* at 1426-27 (Breyer, J., dissenting) (answering the question in the negative).

Recognizing that the question has no clearly correct answer, I believe the better answer is yes. The Supreme Court has consistently held, time and again, that classwide arbitration and individual arbitration are fundamentally different proceedings. In *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S.

2

662 (2010), the Court characterized the "changes brought about by the shift from bilateral arbitration to class-action arbitration" as "fundamental," reasoning that the arbitrator in a classwide arbitration "no longer resolves a single dispute between the parties to a single agreement, but instead resolves many disputes between hundreds or perhaps even thousands of parties." *Id*. at 686. In *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), the Court held that a state law "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA [Federal Arbitration Act]," *id*. at 344, adding that "the switch from bilateral to class arbitration sacrifices the principal advantage of arbitration—its informality— and makes the process slower, more costly, and more likely to generate procedural morass than final judgment," *id*. at 348. In *Epic Systems v. Lewis*, 138 S. Ct. 1612 (2018), the Court explained that "the individualized nature of … arbitration proceedings" is "one of arbitration's fundamental attributes." *Id*. at 1622.

Reasonable minds can and have disagreed with the Supreme Court's view that classwide arbitration and individual arbitration are fundamentally different proceedings. *See Lamps Plus*, 139 S. Ct. at 1427 (Sotomayor, J., dissenting) ("This Court went wrong years ago in concluding that a shift from bilateral arbitration to class-action arbitration imposes such fundamental changes that class-action arbitration is not arbitration as envisioned by the [FAA].") (citations and

3

internal quotation marks omitted); *AT&T Mobility*, 563 U.S. at 362 (Breyer, J., dissenting) ("Where does the majority get [the] … idea[] that individual, rather than class, arbitration is a 'fundamental attribut[e]' of arbitration?  The majority does not explain.  And it is unlikely to be able to trace its present view to the history of the arbitration statute itself.") (alteration in original) (citation omitted).  But that is the hand the Court has dealt.  And having dealt that hand, it is not surprising that the Court in *Lamps Plus* observed that when a defendant seeks "an order compelling *individual* arbitration," but receives "an order rejecting that relief and instead compelling arbitration on a classwide basis," it "d[oes] not secure the relief it requested."  139 S. Ct. at 1414.

So, too, here.  When Davey Tree moved for individual arbitration of the Hermosillos' claims but received an order requiring arbitration of the claims of the putative class the Hermosillos seek to represent, its motion to compel arbitration was, in a fundamental and very real sense, denied.  It follows that the district court's order falls within the scope of § 16(a)(1)(B), giving us jurisdiction over Davey Tree's appeal.

In reaching the contrary result, the court reasons that finding appellate jurisdiction under § 16(a)(1)(B) would "require . . . consider[ing] the merits of Davey Tree's appeal" and deciding "whether Davey Tree got the type of arbitration that it bargained for."  That is incorrect.  The jurisdictional question

4

turns not on whether Davey Tree is *entitled* to individual arbitration, but on whether it *sought* individual arbitration and instead *received* something fundamentally different. In my view, the answer to that question is yes, which means that Davey Tree's request for arbitration was denied, which in turn gives us appellate jurisdiction under § 16(a)(1)(B).

The court also observes that Davey Tree had at its disposal alternate routes for seeking review of the district court's arbitration order. Even putting aside the fact that three of those routes—an interlocutory appeal under 28 U.S.C. § 1292(b), an appeal under § 16(a)(3) upon the district court's clarifying that it had dismissed the Hermosillos' underlying claims, and a motion for reconsideration—would have depended on favorable action by the district court, the presence or absence of alternate routes is irrelevant to whether § 16(a)(1)(B) provides an appropriate jurisdictional hook in this instance. Because it does, I respectfully dissent from the dismissal of Davey Tree's appeal for want of appellate jurisdiction.