NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRISTINA BALAN,

               Plaintiff-Appellee,

  v.

TESLA, INC.,

               Defendant-Appellant.

No.   19-35637

D.C. No. 2:19-cv-00067-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted March 2, 2021[**]
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and MOSKOWITZ,[***]
District Judge.

Appellant Tesla, Inc. ("Tesla") appeals the district court's order denying in

part its motion to compel arbitration of Appellee Cristina Balan's ("Balan")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

defamation claims. Balan alleged that various post-termination statements Tesla made in a written response to a HuffPost article were defamatory. The district court held that Tesla's "statements about [Balan] seeking an alternative supplier with performance issues, writing irrelevant emails, engaging in employment-related misconduct, and resigning," in addition to "Tesla's statement that [Balan] was working on a 'secret project' during company time," all arose from or related to her employment or termination thereof, and thus fell within the scope of the parties' employment arbitration agreement. However, the district court found that Tesla's statements that Balan "illegally recorded internal conversations within Tesla" and "booked an unapproved trip to New York at Tesla's expense" were outside the scope of the arbitration agreement, and thus denied in part Tesla's motion to compel arbitration with respect to those statements. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(B). We reverse the district court's partial denial of Tesla's motion to compel arbitration.

"The district court's decision to grant or deny a motion to compel arbitration is reviewed de novo." *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1152 (9th Cir. 2004).

1. The parties' arbitration agreement covers claims "arising from or relating to" Balan's employment, or the termination thereof. Therefore, the scope of the arbitration agreement encompasses any disputes that have "a significant

relationship to," or at least "some direct relationship" with Balan's employment or termination thereof. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) ("the language 'arising in connection with' reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract"); *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 798 (9th Cir. 2017) ("'arising out of' and 'related to,' mark a boundary by indicating some direct relationship"). Balan's defamation claims are arbitrable if the underlying factual allegations "touch matters" covered by the defined scope of the arbitration agreement, with any doubts resolved in favor of arbitrability. *See Simula*, 175 F.3d 716 at 721 ("factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability").

The district court characterized Tesla's statement that Balan "booked an unapproved trip to New York at Tesla's expense" as a statement that only implicated potentially criminal conduct. However, the statement also involves a dispute about Balan's conduct in her capacity as an employee, which has a direct relationship to her employment, and thus falls within the scope of the arbitration agreement. Resolving the defamatory nature of the statement—whether any planned trip to New York was "unapproved"—requires some understanding of Balan's employment, including whether she was bound by any company policies

and procedures to obtain advance approval when booking work trips, whether she actually received company approval for any planned trip, and whether the planned trip fell within the scope of her employment duties and responsibilities. Because the factual allegations regarding Tesla's statement go towards showing that Balan violated company policies and procedures, Balan's defamation claim touches on matters within the scope of the arbitration agreement, and is therefore arbitrable.

2. With respect to Tesla's statement that Balan "illegally recorded internal conversations within Tesla," while perhaps a closer case, the statement is at least susceptible to an interpretation that it has some direct relationship to Balan's employment, and all doubts are to be resolved in favor of arbitrability. *See id.* Resolving the defamatory nature of the statement—whether Balan's conduct was illegal—depends on the confidential nature of the recorded conversations and the privacy expectations of the involved employees who were recorded. This requires at least some understanding of Balan's employment with respect to her workplace environment, including the public or private nature of the office spaces where any recorded conversations took place, and any company policies regarding employees' expectations of privacy and confidentiality as to meetings conducted in office spaces during office hours, and in the ordinary course of business. Balan's defamation claim is related to her employment, and is therefore arbitrable.

The district court's partial denial of Tesla's motion to compel arbitration is

4

**REVERSED** and the case is **REMANDED**.[1]  The parties shall bear their own

costs on appeal.

---

[1] Balan's motion for judicial notice (Docket Entry No. 84) is **DENIED**.