NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN M. SHELBY,

Plaintiff-Appellant,

v.

BROOKDALE SENIOR LIVING, INC., an
Arizona corporation,

Defendant-Appellee.

No.    21-15547

D.C. No. 2:20-cv-00804-MTL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted April 13, 2022
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,[**]
District Judge.

Kevin Shelby appeals the district court's order dismissing his Title VII claims

against Brookdale Senior Living, Inc., and compelling arbitration of those claims

pursuant to the Employment Binding Arbitration Agreement ("Arbitration

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Janet Bond Arterton, United States District Judge for the District
of Connecticut, sitting by designation.

Agreement") Shelby signed. On appeal, Shelby argues that the Arbitration Agreement is invalid and unenforceable because it lacks mutual assent and is unconscionable. Shelby also argues that the district court erred by not holding a summary jury trial under 9 U.S.C. § 4. We have jurisdiction pursuant to 28 U.S.C. § 1291 and, reviewing de novo, affirm for the reasons given below. *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004).

## I.  Enforceability of the Arbitration Agreement

The enforceability of the Arbitration Agreement is governed by the Federal Arbitration Act ("FAA"), which provides that such an agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Applying Arizona contract law, we consider each of Shelby's arguments, and conclude that each fails. *See Dr.'s Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996); *Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1058 (9th Cir. 2020) ("State law governs the validity, revocability, and enforceability of a contract.").

### A.  Mutual Assent

First, Shelby argues that the Arbitration Agreement lacks mutual assent and is unenforceable because his employer, Brookdale Employee Services, LLC, was not a signatory to the Arbitration Agreement since it was signed by a "company representative" whose name is illegible. But just under the Arbitration Agreement's

2

title on the first page it reads: "Binding Arbitration Agreement for Associates of Brookdale affiliated communities." Shelby's employer, Brookdale Employee Services, LLC (a wholly owned subsidiary of Brookdale Senior Living Inc., which operated the senior living community where Shelby worked), is a Brookdale affiliated community. The Arbitration Agreement goes on to clarify that Shelby's assent is a "condition of [his] employment," and that it applies to any claims "made against us, any parent, subsidiary, or affiliated entities." Shelby does not dispute that he signed the Arbitration Agreement or that he was employed by a Brookdale affiliated community. Under Arizona contract law, mutual assent is assessed based on objective evidence. *See Hill-Shafer P'ship v. Chilson Family Tr.*, 165 Ariz. 469, 473 (1990); *Buckholtz v. Buckholtz*, 246 Ariz. 126, 129 (Ct. App. 2019). Shelby has offered no objective evidence that indicates a misunderstanding. Accordingly, the district court did not err by finding the Arbitration Agreement was formed with mutual assent.[1]

---

[1] Shelby appears to argue that the policy favoring arbitration undermines Title VII's purpose. But that argument has already been rejected by our court. *See EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 746–50 (9th Cir. 2003) (en banc) (observing that "the view that compulsory arbitration weakens Title VII conflicts with the Supreme Court's stated position that arbitration affects only the choice of forum, not substantive rights"). Shelby also argues that the Arbitration Agreement's carve-out for claims seeking "injunctive or other equitable relief" deprives him of rights under Title VII. But the Arbitration Agreement does not exclude any type of relief; it gives the arbitrator explicit authority to award "all remedies that could be awarded by a court or administrative agency," which includes injunctive or other equitable remedies.

## B. Unconscionability

Shelby also argues that the Arbitration Agreement is unenforceable because it is both procedurally and substantively unconscionable. In Arizona, procedural unconscionability addresses the fairness of the bargaining process, and substantive unconscionability concerns the actual terms of the contract, examining the relative fairness of the obligations assumed. *Gullett ex rel. Estate of Gullett v. Kindred Nursing Ctrs. West, L.L.C.*, 241 Ariz. 532, 535, 540 (Ct. App. 2017) (quotation marks and citations omitted). As federal courts in Arizona have previously acknowledged, under Arizona law plaintiffs "have a high bar to meet in demonstrating that an arbitration agreement is unconscionable." *Longnecker v. Am. Express Co.*, 23 F. Supp. 3d 1099, 1108 (D. Ariz. 2014) (quoting *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 947 (D. Ariz. 2011)); *Phoenix Baptist Hosp. & Med. Ctr. v. Aiken*, 179 Ariz. 289, 293 (Ct. App. 1994) ("A bargain is 'unconscionable' if it is 'such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.'") (quoting *Broemmer v. Otto*, 169 Ariz. 543, 547 (Ct. App. 1991)).

Shelby argues the Arbitration Agreement is procedurally unconscionable because it was a contract of adhesion (offered on a "take-it-or-leave-it" basis) and that he was not given a copy of the rules governing arbitration. But under Arizona law a finding of adhesion does not render an agreement procedurally

4

unconscionable. *Broemmer v. Abortion Servs. of Phoenix, Ltd.*, 173 Ariz. 148, 151 (1992) ("Our conclusion that the contract was one of adhesion is not, of itself, determinative of its enforceability."); *Aiken*, 179 Ariz. at 293–94. Further, the arbitration rules that Shelby complains he was not given a copy of were explicitly referenced and incorporated into the Arbitration Agreement, which undermines his argument for procedural unconscionability. Shelby offers no other argument to meet the high bar of procedural unconscionability, which "bears a strong resemblance to its common-law cousins of fraud and duress." *Maxwell v. Fid. Fin. Servs., Inc.*, 184 Ariz. 82, 89 (1995) (quotation marks and citation omitted).

Shelby also argues that several provisions of the Arbitration Agreement are substantively unconscionable—including the confidentiality clause, mediation requirement, limitations on relief and discovery, and the financial burden of arbitration. Under Arizona contract law, substantive unconscionability can be shown by "contract terms [that are] so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." *Maxwell*, 184 Ariz. at 89. Shelby cites to several decisions applying California contract law to support his argument for substantive unconscionability, but he does not point to any binding authority that would require such a finding. And some of Shelby's arguments have been specifically rejected by courts applying Arizona contract law. *See Wernett v. Serv.*

*Phoenix, LLC*, CIV 09-168-TUC-CKJ, 2009 WL 1955612, at *6–7 (D. Ariz. 2009) (rejecting the argument that arbitration agreements limiting discovery are substantively unconscionable).[2]   Accordingly, the district court did not err in rejecting Shelby's unconscionability arguments.

## II.    Denial of Summary Jury Trial

Finally, Shelby argues that the district court erred by not holding a summary jury trial on the Arbitration Agreement's formation.  Under the FAA, "the party alleged to be in default" may demand a jury trial if the relevant state contract law places "the making of the arbitration agreement … in issue."  9 U.S.C. § 4.  The making of the Arbitration Agreement is "in issue" only if Shelby identifies a material issue of fact as to its formation. *Three Valleys Mun. Water Dist. V. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991).  But Shelby's arguments—that the Arbitration Agreement lacks mutual assent and is unconscionable—are legal arguments that required no fact-finding to be resolved. *See id.*  Shelby concedes that he signed the Arbitration Agreement and does not dispute that he was employed by a Brookdale affiliated community.  Accordingly, the district court did not err in finding as a matter of law that the Arbitration Agreement was valid and enforceable

---

[2] Even if a portion of the Arbitration Agreement is ultimately deemed invalid by the arbitrator, it would not render the entire Arbitration Agreement substantively unconscionable or unenforceable on that basis alone. *See Ting v. AT&T*, 319 F.3d 1126, 1151 (9th Cir. 2003) (holding that an enforceable arbitration agreement contained an unconscionable fee-splitting provision).

because Shelby did not identify any genuine issue of material fact with respect to the Arbitration Agreement's formation. 9 U.S.C. § 4.

## III. Conclusion

We do not reach Shelby's remaining arguments, including whether the Arbitration Agreement's confidentiality clause should be struck as unenforceable and severed.[3] *See Kilgore v. Keybank, N.A.*, 718 F.3d 1052, 1059 n.9 (9th Cir. 2013) (opining that "[p]laintiffs are free to argue during arbitration that the confidentiality clause is not enforceable"). The district court did not err in dismissing Shelby's claims and compelling arbitration. **AFFIRMED.**

---

[3] Shelby's counsel conceded at oral argument that "there is no Ninth Circuit precedent directly on point" to support his argument that the confidentiality clause is unconscionable. Nor is this court aware of any binding Arizona authority that would compel a finding of unconscionability. The parties are free to raise before the arbitrator any remaining challenges as to the enforceability or scope of the Arbitration Agreement's confidentiality clause.