**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STACIA CULLORS, an individual; et al., | No. 23-55594 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-09143-DSF-PD |
| v. | |
| CEREBRAL, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 10, 2024**
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.

Named Plaintiffs Stacia Cullors, Eric Eberle, Maggie Harrison, Nicole

Scurlock Dewey, Mercedes Schroeder, and Patricia Anne Crawford appeal the

district court's order granting Defendant Cerebral, Inc.'s motion to compel

arbitration for the underlying claims brought in this putative class action.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Reviewing de novo decisions compelling arbitration, <u>Bushley v. Credit Suisse First Bos.</u>, 360 F.3d 1149, 1152 (9th Cir. 2004), we affirm.

In determining whether a valid arbitration agreement exists, courts "apply ordinary state-law principles that govern the formation of contracts." <u>First Options of Chi., Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995). The parties here concede that California law applies, and we agree. "To form a contract under California law, there must be actual or constructive notice of the agreement and the parties must manifest mutual assent." <u>Keebaugh v. Warner Bros. Ent. Inc.</u>, 100 F.4th 1005, 1013–14 (9th Cir. 2024) (citation and internal quotation marks omitted).

The parties here entered into an arbitration agreement by way of a sign-in "wrap" agreement.[1] Under California law, courts have found sign-in wrap agreements based on inquiry notice enforceable when: "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." <u>Id.</u> at 1014

---

[1] The district court characterized Defendant's terms and conditions as "fall[ing] somewhere between a clickwrap and browsewrap agreement." The agreement relevant to this case is a sign-in wrap agreement because, before prospective users can proceed with creating an account, the webpage notes that "By clicking 'Get started' you agree [to] Cerebral's Terms & Conditions, including the mandatory arbitration, Privacy Policy and Telehealth Consent." <u>See</u> <u>Keebaugh</u>, 100 F.4th at 1014 ("[U]sers are required to advance through a sign-in screen which states 'By tapping "Play," I agree to the Terms of Service.' Therefore, this is a sign-in wrap agreement.").

(quoting Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 856 (9th Cir. 2022)) (internal quotation marks omitted).  In determining whether notice and assent are sufficient, courts must consider "the full context of the transaction."  Id. at 1017 (citations and internal quotation marks omitted); see id. (explaining that courts must consider whether the typical consumer in "that type of transaction contemplates entering into a continuing, forward-looking relationship governed by terms and conditions" (citations and internal quotation marks omitted)).

Here, Defendant's website provided reasonably conspicuous notice to Plaintiffs of the terms and conditions, and the accompanying mandatory arbitration agreement because:  (1) when signing up for an account, Plaintiffs were presented with a purple button with white text that read "Get started"; (2) directly below the purple "Get started" button was additional text in a dark-colored font that read "By clicking 'Get started', you agree to Cerebral's Terms & Conditions, including the mandatory arbitration, Privacy Policy and Telehealth Consent," (emphasis added), see id. at 1014 (noting that reasonably conspicuous notice requires displaying the notice "in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it" (citation and internal quotation marks omitted)); (3) the "Terms & Conditions" hyperlink is in a blue text, denoting the existence of a hyperlink, see id. (noting that terms "may be disclosed through hyperlinks" but "the presence of a hyperlink must be readily

3

apparent," and "[s]imply underscoring words or phrases . . . will often be insufficient to alert a reasonably prudent user that a clickable link exists" (alterations in original) (citations and internal quotation marks omitted)); see also Berman, 30 F.4th at 857 ("Customary design elements denoting the existence of a hyperlink include the use of a contrasting font color (typically blue) and the use of all capital letters, both of which can alert a user that the particular text differs from other plain text in that it provides a clickable pathway to another webpage."); and (4) the terms and conditions contain an extensive explanation of mandatory arbitration, which is required to be on an individual and not a class basis, see generally Kilgore v. KeyBank, Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (explaining that the argument that a class action waiver, in and of itself, is unconscionable under state law or that an arbitration agreement is unconscionable solely because it contains a class action waiver, "is now expressly foreclosed by [AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 351–52 (2011)]").

Plaintiffs each clicked the "Get started" button on Defendant's webpage and proceeded to create their respective accounts. Plaintiffs, therefore, unambiguously manifested assent to the website's terms and conditions and the accompanying arbitration agreement. See Berman, 30 F.4th at 857 ("A user's click of a button can be construed as an unambiguous manifestation of assent only if the user is

4

explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement."); see also Oberstein v. Live Nation Ent., Inc., 60 F.4th 505, 517 (9th Cir. 2023) ("[T]he notices at issue explicitly alert the user that by creating an account, signing in, or purchasing a ticket, and proceeding to the next page, the user 'agrees to our Terms of Use.' . . . [T]hat is all that is required." (citation omitted)).  Accordingly, the district court properly compelled arbitration.

**AFFIRMED.**