NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERALD THEIS, Jr.,

Plaintiff - Appellant,

v.

AFLAC, INC.,

Defendant - Appellee.

No. 24-3509

D.C. No.
1:20-cv-00011-SPW

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 24, 2025**
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District
Judge.***

Gerald Theis, Jr. seeks review of the district court's order granting Aflac,

Inc.'s motion to compel arbitration. The arbitration has concluded, and the district

---

*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

***  The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

court has dismissed Theis's action. We have jurisdiction under 28 U.S.C. § 1291. *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 961 (9th Cir. 2007). We review de novo a district court's decision to grant or deny a motion to compel arbitration. *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004). We affirm.

In granting the motion, the district court applied the multi-factor test articulated by the Montana Supreme Court for determining the unconscionability of arbitration provisions. *Kloss v. Edward D. Jones & Co.*, 54 P.3d 1, 15 (Mont. 2002) (Nelson, J., concurring); *Kortum-Managhan v. Herbergers NBGL*, 204 P.3d 693, 699 (Mont. 2009); *Lenz v. FSC Secs. Corp.*, 414 P.3d 1262, 1276–77 (Mont. 2018). This test applies to arbitration agreements in both commercial and employment contexts. *See Lenz*, 414 P.3d at 1276 (commercial); *Bucy v. Edward Jones & Co., L.P.*, 445 P.3d 812, 823 (Mont. 2019) (employment). In the absence of evidence that fee-splitting provisions are contrary to the public policy of the state of Montana, Theis provides no reason to replace this fact-dependent test with a per se rule for such provisions. We conclude that the district court did not err in applying this test to the fee-splitting provision that Theis challenged as unconscionable.

Because the Montana Supreme Court has already articulated a test to assess the unconscionability of arbitration provisions, we decline to certify Theis's

question to that court.

We decline to address Theis's argument that, if the *Kortum* / *Lenz* test were applied to his case, the fee-splitting provision would fail that test. He failed to make that argument below, and so we will not consider it on appeal. *See G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018).

**AFFIRMED.**