NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATHAN PALOMO,

Plaintiff - Appellant,

v.

BEST BUY STORES, LP; DAMIEN
PADA; FADI AMMOURI,

Defendants - Appellees.

No. 24-2181

D.C. No.
2:20-cv-08969-FMO-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted November 12, 2025**

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Jonathan Palomo appeals pro se from the district court's judgment

confirming an arbitration award in favor of Best Buy and other defendants in

Palomo's action alleging employment-related claims.  We have jurisdiction under

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Monster Energy Co. v. City Beverages, LLC*, 940 F.3d 1130, 1133 (9th Cir. 2019) (confirmation of arbitration award); *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004) (decision to grant motion to compel arbitration). We affirm.

The district court properly granted defendants' motion to compel arbitration because the undisputed evidence shows that Palomo agreed to arbitration and that the arbitration agreement relegates questions of arbitrability to the arbitrator. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019) ("The [Federal Arbitration] Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes.").

The district court properly granted defendants' motion to confirm the arbitration award and denied Palomo's motion to vacate it because Palomo did not show that the award is "completely irrational or constitutes manifest disregard of the law," or establish any ground for vacating it. *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (citation and internal quotation marks omitted); s*ee* 9 U.S.C. § 10 (setting forth standard for vacating an arbitration award).

Palomo's contention that the district court lacked jurisdiction to confirm the arbitration award lacks merit because the district court properly stayed the action

pending resolution of the arbitration proceedings and thus retained jurisdiction over the action. *See Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 561 (9th Cir. 2025) (explaining that when a district court grants a motion to compel arbitration and stays the action under 9 U.S.C. § 3, it retains jurisdiction to confirm the arbitration award under 9 U.S.C. § 9).

The district court did not abuse its discretion in failing to rule on motions that did not comply with local rules. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (setting forth standard of review; "The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

The district court did not abuse its discretion in denying Palomo's post-judgment motion to amend or set aside the judgment because Palomo did not identify any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration and relief from judgment).

Palomo's contention that the district court erred in failing to address his ERISA claim lacks merit because Palomo did not raise the claim in his operative complaint.

Palomo's contentions that the district court violated his due process rights and lacked personal jurisdiction over him are unsupported by the record.

**AFFIRMED.**