NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH PLISZKA, individually and on behalf of all others similarly situated,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>AXOS BANK,<br><br>   Defendant - Appellant. | No. 24-6273<br><br>D.C. No.<br>3:24-cv-00445-RSH-BJC<br><br>MEMORANDUM[*] |

| | |
|---|---|
| KYLE ASH; MOSHE STEMPEL, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs - Appellees,<br><br> v.<br><br>AXOS BANK,<br><br>   Defendant - Appellant. | No. 24-6277<br><br>D.C. No.<br>3:24-cv-01157-RSH-BJC |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted December 8, 2025
Pasadena, California

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

In this consolidated appeal, Defendant-Appellant Axos Bank d/b/a UFB Direct appeals the district court's orders compelling arbitration.[1] Section 16 of the Federal Arbitration Act (FAA) allows for an interlocutory appeal of an order denying a petition to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(B) ("An appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed . . . ."). But we lack interlocutory jurisdiction over an order granting a motion to compel arbitration. *See id.* § 16(b)(2) ("Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order . . . directing arbitration to proceed under section 4 . . . ."). Here, the district court ordered all of Appellees' claims to arbitration, granting one of two alternative requests for relief in UFB's motion to compel arbitration or dismiss. Accordingly, we lack the interlocutory jurisdiction afforded by Section 16(a) of the FAA, and therefore we must dismiss the consolidated appeal. *See Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1153 (9th Cir. 2004) ("Because the court ordered arbitration to proceed under 9 U.S.C. § 4, we are without jurisdiction under § 16(b)(2).").

**DISMISSED.**

---

[1]     Because the parties are familiar with the facts, we do not recount them here.