■ ASESD, LLC, Appellant, v VANGUARD CONSTRUCTION AND DEVELOPMENT COMPANY, INC., Respondent, et al., Respondent. [910 NYS2d 907]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 9, 2009, which, inter alia, denied petitioner's motion to compel respondent Vanguard to pay its half of certain fees required by the American Arbitration Association (AAA), unanimously affirmed, without costs.

As the AAA's rules provide that the remedy for a party's refusal to pay its share of arbitration fees is for the paying party to advance the nonpaying party's share of the fees, that is petitioner's recourse here. This Court cannot fashion another remedy (*see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173 [1995]). Nor was this a case where the AAA's rules violated public policy or due process (*cf. Brady v Williams Capital Group, L.P.*, 64 AD3d 127 [2009], *affd as mod* 14 NY3d 459 [2010]). Rather, the AAA's rules, which shift the burden to one party without informing the arbitrators of the issue, are consistent with this Court's past decisions (*see e.g. Coty Inc. v Anchor Constr.*, 7 AD3d 438 [2004]). Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.