*419 Judgment (denominated an order), Supreme Court, New York County (Charles E. Ramos, J.), entered on or about October 23, 2013, denying the petition to, inter alia, declare respondent in default, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.
The arbitrators had repeatedly denied petitioner’s applications to declare respondent in default for failing to advance its share of arbitrator compensation, the governing arbitration rule barred defaults for nonpayment, and the court properly determined that it should not intervene at this juncture (see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173, 182 [1995]; Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281 [1977]; Asesd, LLC v Vanguard Constr. & Dev. Co., Inc., 79 AD3d 418 [1st Dept 2010]).
The authorities relied upon by petitioner are not persuasive. Brandifino v CryptoMetrics, Inc. (27 Misc 3d 513 [Sup Ct, Westchester County 2010]) and Sanderson Farms, Inc. v Gatlin (848 So 2d 828 [Miss 2003]) did not involve arbitration rules prohibiting defaults; moreover, Brandifino implicated a policy concern not present here. Sink v Aden Enters., Inc. (352 F3d 1197 [9th Cir 2003]) also did not involve a prohibition on defaults, and in that case the court upheld the default remedy granted by the arbitrator.
We have considered petitioner’s remaining contentions and find them unavailing.
Concur — Tom, J.P, Renwick, Andrias, Freedman and Clark, JJ.