NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERRIE DEKKER; et al.,

               Plaintiffs-Appellees,

   v.

VIVINT SOLAR, INC.; et al.,

               Defendants-Appellants.

No.   20-16584

D.C. No. 3:19-cv-07918-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted October 18, 2021[**]
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,[***] District Judge.

Vivint Solar appeals the district court's order vacating its prior order compelling arbitration between Vivint and Plaintiffs Karen Barajas (as executor of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

the Bryson estate) and Gennie Hilliard ("Plaintiffs").[1]  We review an order vacating

arbitration de novo.  *See Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1057 (9th

Cir. 2013) (en banc); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999)

("Determinations of arbitrability, like the interpretation of any contractual provision,

are subject to de novo review.").  We reverse.

When faced with a motion to compel arbitration, a court's first task is "to

determine whether the parties agreed to arbitrate that dispute."  *Mitsubishi Motors*

*Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  The Federal

Arbitration Act allows parties to delegate material issues of contract interpretation,

including issues involving the breach of an arbitration agreement, to an arbitrator.

*See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010).

Plaintiffs are California solar panel consumers who sued Vivint, a solar panel

installer incorporated in Utah, for unfair business practices arising under California

law.  At the time of purchase, Plaintiffs signed arbitration agreements that contained

delegation clauses.  Specifically, the delegation clauses delegated issues of "breach,

default, or termination of th[e] Agreement" and "the determination of the scope or

---

[1] The court dismisses three named plaintiffs, Marlene Rogers, Cindy Piini, and Marci Hulsey, pursuant to the parties' settlement notice (Dkt. No. 56).  Plaintiffs raise a Motion to Take Judicial Notice (Dkt. No. 33).  We grant that motion and incorporate the Plaintiffs' additional exhibits into the Record.

applicability of th[e arbitration clause]" to the arbitrator. Thus, the parties' agreements clearly delegated issues involving breach and default to the arbitrator.

Plaintiffs argue that Vivint breached the arbitration agreements by violating § 1281.97 of the California Civil Code. Section 1281.97 provides that, "[i]n an employment or consumer arbitration . . . if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement . . . ." Cal. Civ. Code § 1281.97(a). Plaintiffs argue that Vivint failed to comply with this requirement by making untimely payments to the arbitrator. As a result, Plaintiffs argue that Vivint breached the arbitration agreements, entitling Plaintiffs to withdraw from arbitration and seek vacatur of the arbitration order.

Regardless of the merits of Plaintiffs' statutory claim under § 1281.97, this dispute concerns whether there has been a "breach" of the arbitration agreements. Thus, Plaintiffs' § 1281.97 argument falls squarely within the scope of the delegation clause, and it should have been left to the arbitrator to decide.

The district court vacated its arbitration order in part based on *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003). The district court's reliance on *Sink* was misplaced. In *Sink*, we upheld a district court's denial of a motion to compel arbitration. But, in that case, the company failed to pay its arbitration fees, and after the undisputed deadline for paying the fees lapsed, the employee sought

3

and obtained an order of default from the arbitrator. *Id.* at 1198–99. Only after the arbitrator entered default did the employee seek to lift the stay of the district court proceedings. *Id.* at 1199. *Sink* is inapplicable for two reasons. First, unlike in *Sink*, no arbitrator found Vivint in default of arbitration. Second, the parties in *Sink* did not expressly agree to delegate disputes concerning breach and default to the arbitrator. *Sink* thus does not alter the enforceability of the delegation clause between the parties here.

Because this dispute concerns whether Vivint breached the arbitration agreements, it falls within the scope of the parties' delegation clause. The district court erred in vacating its order compelling arbitration. We remand for the district court to reinstate its order compelling arbitration.

**REVERSED AND REMANDED.**