**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDRIA MOSLEY, et al., | No. 23-55478 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 3:22-cv-01976-DMS-AHG |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Submitted February 15, 2024[**]
Pasadena, California

Before: BOGGS,[***] NGUYEN, and LEE, Circuit Judges.

Plaintiffs-Appellants Alexandria Mosley, Rejoyce Kemp, Berenice Cisneros,

and Bruce Parker ("Claimants") are four of nearly four thousand individuals who

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

filed near-identical individual demands against Wells Fargo with the American Arbitration Association ("AAA"). Claimants alleged in federal court that Wells Fargo breached their Arbitration Agreements by substituting class-wide arbitration procedures for what they claimed were bilateral arbitrations specified in the Agreements, and stated second and third causes of action in which they repeated the substantive claims against Wells Fargo that they described in their arbitration demands. The district court compelled claimants to return to arbitration, concluding that the parties "clearly and unmistakably" delegated questions about arbitrability to the arbitrator. We agree.

This court reviews de novo the decision to grant or deny a motion to compel arbitration. *Bushey v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004); *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1085 (9th Cir. 2020). The district court's underlying factual findings are reviewed for clear error, and the "interpretation and meaning of contract provisions" are reviewed de novo. *Milenbach v. Comm'r*, 318 F.3d 924, 930 (9th Cir. 2003); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009).

We affirm the district court. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

1. The district court did not err in finding that the Process Arbitrator's ("PA") Order was interlocutory and not subject to judicial review. It is well-settled

that questions of procedure relating to arbitration are outside of the purview of the federal courts. Procedural questions involved in arbitration are "submitted to the arbitrator, either expressly or implicitly, along with the merits of the dispute." *McKesson Corp. v. Local 150 IBT*, 969 F.2d 831, 834 (9th Cir. 1992). Likewise, procedural questions are "not for the judge, but for an arbitrator to decide." *Stolt-Nielson S.A. v. AnimalFeeds In't Corp.*, 559 U.S. 662, 685 (2010).

"The basic purpose of arbitration is the speedy disposition of disputes without the expense and delay of extended court proceedings." *In re Sussex*, 781 F.3d 1065, 1072 (9th Cir. 2015). In *Sussex*, this court noted that most sister circuits "expressly preclude any mid-arbitration intervention" and that "review of an arbitration proceeding comes at the beginning or the end, but not in the middle." *Id.* at 1073 (quoting *Blue Cross Blue Shield of Mass. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011)). To "permit what is in effect an appeal from an interlocutory ruling of the arbitrator would frustrate" the purpose of arbitration. *Id.* at 1072.

No Claimant has yet won or lost a claim against Wells Fargo; an arbitration award has not been given. Instead, Claimants have refused to comply with information requests from Wells Fargo after months of arbitration and a PA Order and now seek to circumvent the PA Order in federal court. The PA Order is not a

final order that invites judicial review, as noted by the district court, and the "extreme case" exception does not apply.

This court has reserved the "remote possibility" that a theoretical "extreme case" exists whereby "severe irreparable injury" and "manifest injustice" would be done if intermediate judicial review were to be withheld. *Aerojet-Gen. Corp. v. Am. Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973). In *Sussex*, this court stated, over 40 years after *Aerojet*, that the Ninth Circuit has *never* approved a federal court intervening in mid-arbitration, before holding that it refused to do so in that case too. 781 F.3d at 1073. Claimants have not argued that their case falls within the *Aerojet* exception in their opening brief and, thus, it has been waived. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1129–30 (9th Cir. 2012).

2. The district court did not err in concluding that the parties "clearly and unmistakably" delegated arbitrability. The authority of an arbitrator to "determine the validity or application of any of the provisions of the arbitration clause" is a threshold issue. *See Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011). When the parties have "clearly and unmistakably" delegated such issues, the validity of the arbitration agreement is for the arbitrator, not the court, to decide. *AT&T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 649 (1986). Even where parties agree to delegate gateway issues to the arbitrator, a court may decline to compel arbitration in some extreme cases where one party defaults or entirely

4

refuses to cooperate in arbitration. *Sink v. Aden Enters. Inc.*, 352 F.3d 1197, 1201–02 (9th Cir. 2003). In such an instance, compelling arbitration would be "inconsistent with the structure and purpose of the FAA." *Id.* at 1200.

Here, the Arbitration Agreement provides that AAA will "hear the dispute between Wells Fargo and you" and defines "dispute" as "any unresolved disagreement with Wells Fargo and you" including the "Arbitration Agreement's meaning, application, or enforcement." According to the Arbitration Agreement, disputes about the agreement itself are to go to the "arbitrator" who "will decide whether it is enforceable."

This is not an extreme case. Unlike in *Sink*, Wells Fargo did not act improperly or otherwise breach the agreement. In fact, Wells Fargo simply sought information establishing that each Claimant had a legitimate dispute with them. Wells Fargo complied with the Arbitration Agreement and paid more than half a million dollars in arbitration fees over several months of arbitration before Claimants filed their case in federal court.

As noted by the district court, the provisions in the Arbitration Agreement "clearly and unmistakably" delegated the gateway issue of arbitrability to the arbitrator and the district court was correct in compelling arbitration.

3. The district court did not err in compelling Claim I. When an arbitration agreement delegates meaning, application, enforcement, or scope to the arbitrator,

5

the delegation is considered "a mini-arbitration agreement, nestled within a larger one." *Caremark LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022). In *Caremark*, this court held that "all arguments going to the scope or enforceability of the arbitration provision are for the arbitrator to decide in the first instance," and compelled arbitration.

In *Oracle America, Inc. v. Myriad Group A.G.*, the question for the court was whether the parties had "clearly and unmistakably" agreed to delegate authority to the arbitrator. 724 F.3d 1069, 1076 (9th Cir. 2013). This court held that they did, even against Oracle's argument that "a carve-out provision in the parties' arbitration clause expresses their intent that a court would decide arbitrability." *Id*.

In fact, this court noted that "Oracle's argument conflates the *scope* of the arbitration clause, i.e., which claims fall within the carve-out provision, with the question of *who* decides arbitrability." *Id*. Oracle's argument concerned certain categories of claims to be exempted from arbitration and this court held that "the decision that a claim [falls within the carve-out provision] constitutes an arbitrability determination, which the parties have clearly and unmistakably delegated to the arbitrator."

Here, the language of the Arbitration Agreement is clear—all disputes, including those pertaining to the Arbitration Agreement itself, go to the arbitrator. Questions about its scope, including whether the carve-out provision applies to

Count I, also go to the arbitrator. Even if Claimants are right and the carve-out provision did apply to Count I, the Arbitration Agreement still delegates to the arbitrator, not the federal court, the authority to make that decision in the first instance.

We therefore **AFFIRM** the judgment of the district court.