Filed 3/21/24  Doe v. Lawyers for Employee and Consumer Rights CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS, APC et al.,<br><br>    Defendants and Appellants. | 2d Civ. No. B330052<br>(Super. Ct. No. 56-2022-00573119)<br>(Ventura County) |

Lawyers for Employee and Consumer Rights, a professional corporation; Robert Byrnes; Sabrina Sanders; and Daniel Sorenson (collectively LFECR) appeal a superior court order denying their motion to compel arbitration of the employment dispute lawsuit Jane Doe filed against them.  We conclude, among other things, that LFECR may not reinstate the prior arbitration proceeding that was dismissed because it failed to

timely pay arbitration fees required by Code of Civil Procedure section 1281.97, subdivision (a)(1).[1]  We affirm.

FACTS

Doe was a former employee of LFECR.  She entered into an employment agreement that contained an arbitration provision.  It provided, among other things, that all disputes regarding her employment be resolved by binding arbitration subject to the Federal Arbitration Act "with a duly authorized representative of the American Arbitration Association ('AAA') in accordance with AAA's procedures."  Doe claimed she was wrongfully terminated.

On February 25, 2022, Doe filed a demand for arbitration with the AAA.

The AAA sent notices to the parties that arbitration fees must be paid.  One notice to LFECR stated, " 'As this arbitration is subject to California Code of Civil Procedure [section] 1281.97, payment must be received by April 13th, 2022 or the AAA will close the parties' case.' "

LFECR owed AAA fees in the amount of $1,950, which were due by October 2, 2022.  AAA sent notice to LFECR that its payment was due within 30 days as required by section 1281.97, and if payment was not made by that date, then AAA would close its case.

LFECR did not pay the fees by the 30-day due date.  It sent in the payment seven days after the deadline.

On October 13, 2022, Doe informed AAA and LFECR that she was exercising her statutory right under section 1281.97 to withdraw her claims from arbitration and proceed in court.

---

[1] All statutory references are to the Code of Civil Procedure.

On December 9, 2022, Doe filed a complaint for damages in the Ventura County Superior Court against LRECR  for wrongful termination and other causes of action.

LFECR filed a motion to compel arbitration.

The trial court denied the motion and imposed sanctions against LFECR pursuant to sections 1281.97, subdivision (d), and 1281.99, subdivision (a).  It ruled, among other things, that section 1281.97 applied; LFECR did not timely pay the arbitration fees required by the statute; Doe had the right to withdraw from the arbitration proceeding and proceed in court; and "[s]ection 1281.97 is [n]ot [p]reempted by the FAA."  (Italics omitted.)

## DISCUSSION

### *Section 1281.97*

California law mandates that the party who drafts an arbitration agreement has a mandatory duty to timely pay arbitration fees or face dismissal of the arbitration proceeding.  Section 1281.97, subdivision (a)(1), provides, "In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, the drafting party to pay certain fees and costs before the arbitration can proceed, *if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement,* is in default of the arbitration, *and waives its right to compel arbitration* under Section 1281.2."  (Italics added.)

Section 1281.97, subdivision (b), provides, in relevant part, "If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee

or consumer may do either of the following: (1) Withdraw the claim from arbitration *and proceed in a court of appropriate jurisdiction*"; or (2) elect to return to arbitration. (Italics added.)

Here there was a pending arbitration initiated by Jane Doe in the AAA. LFECR was the drafting party and had the duty to pay arbitration fees. AAA gave notice to LFECR that this statute applied and that LFECR had 30 days to pay arbitration fees. LFECR did not timely pay those fees within the time limit. Under the terms of the statute, this was a "material breach" of the arbitration agreement under section 1281.97, subdivision (a). (*Cvejic v. Skyview Capital, LLC* (2023) 92 Cal.App.5th 1073, 1078.)[2]

That LFECR paid the fees *after the expiration* of the 30-day time limit does not change the result. The Legislature intended the statute "to be strictly applied' when the drafting party does not pay the fees within the 30-day deadline. (*De Leon v. Juanita's Foods* (2022) 85 Cal.App.5th 740, 753.) The 30-day statutory period establishes "a clear-cut rule for determining if a drafting party is in material breach of an arbitration agreement." (*Id*. at p. 755.) Late payments do not prevent a court from making a material breach finding against the drafting party. (*Ibid.*; see also *Cvejic v. Skyview Capital, LLC*, *supra*, 92 Cal.App.5th at p. 1078.) The trial court found that Doe properly exercised her statutory right to terminate the arbitration agreement and file a lawsuit in superior court.

LFECR claims that because the arbitration agreement provides the arbitration is conducted under Federal Arbitration Act (FAA) rules, section 1281.97 is not applicable.

---

[2]We grant LFECR's request for judicial notice filed December 12, 2023.

But " 'even when the [FAA] applies, interpretation of the arbitration agreement is governed by state law principles. . . . Under California law, ordinary rules of contract interpretation apply to arbitration agreements. . . .' " *Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 177.) "Under general principles of California contract law," LFECR's "breach of its obligations" to timely pay the fee "deprives it of the right to enforce that agreement." (*Brown v. Dillard's, Inc.* (9th Cir. 2005) 430 F.3d 1004, 1010.) Section 1281.97 is thus part of the substantive law of contracts in California. It defines what constitutes a breach of an arbitration contract and whether that agreement is enforceable. It governs the "rules of contract interpretation" to determine whether an arbitration agreement is enforceable or invalid under California law. (*Valencia*, at p. 177.)

*Is the Right to Withdraw from Arbitration Decided by an Arbitrator or by the Trial Court?*

LFECR contends only an arbitrator may decide whether Doe could withdraw from the arbitration agreement. It notes the arbitration agreement provides that "any disputes over the enforceability, applicability, conscionability or any other issues relating to this arbitration provision shall be delegated to the arbitrator to decide." But the issue here was not the "arbitration provision"; it was the applicability of section 1281.97 and Doe's right to proceed in state court. There was no express agreement regarding these issues.

Moreover, a similar claim to the one LFECR makes was recently rejected in *Cvejic v. Skyview Capital, LLC, supra,* 92 Cal.App.5th 1073. There the court held a general delegation provision that allows the arbitrator to decide all issues did not override or replace the superior court's "jurisdiction" to decide a

party's statutory right under section 1281.97 to withdraw from an arbitration. (*Id*. at p. 1076.) The court wrote, "The statute's intent for the trial court to decide this statutory issue controls." (*Id*. at p. 1079.) "In enacting sections 1281.97 through 1281.99, the Legislature perceived employers' and companies' failure to pay arbitration fees was foiling the efficient resolution of cases. This contravened public policy." (*Ibid*.) "The point was to *take this issue away from arbitrators*, who may be financially interested in continuing the arbitration and in pleasing regular clients. The trial court was right to decide this matter of statutory law." (*Ibid*., italics added.)

LFECR claims AAA rules apply and override a trial court's authority to apply section 1281.97. But in *Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761, 787, the court held, "Nothing in the AAA rules purports to limit or modify the trial court's powers" to apply section 1281.97.

Moreover, LFECR's claim that the trial court should have sent this case back to AAA to decide if section 1281.97 applies fails for another reason. The parties agreed to be bound by AAA procedures. Those procedures incorporate section 1281.97. AAA said section 1281.97 *applies* to this case. It notified the parties that " '*[a]s this arbitration is subject to California Code of Civil Procedure [section] 1281.97*, payment must be received by April 13th, 2022 or *the AAA will close* the parties' case.' " (Italics added.) AAA's arbitration rules provide that AAA may "terminate the proceedings" for non-payment of the fees. LFECR wants an AAA decision on whether section 1281.97 applies, but it has already received AAA's answer. Sending the case back to AAA would be a procedural dead end.

*LFECR Cannot Return to Arbitration After Its Default*

LFECR has not shown that it has a right to reinstate the AAA prior arbitration that was dismissed after it did not timely pay the fees required by section 1281.97 and the AAA. (*Sink v. Aden Enterprises, Inc.* (9th Cir. 2003) 352 F.3d 1197, 1201-1202 [party in default in arbitration for failure to pay fees cannot seek return to arbitration after the arbitration was dismissed].) An arbitrator cannot enforce an arbitration agreement that has been invalidated by LFECR's conduct. "The statute does not empower an arbitrator to cure a party's missed payment." (*Cvejic v. Skyview Capital, LLC, supra*, 92 Cal.App.5th at p. 1078.)

The trial court found, "The court has no power to require an arbitrator who has not been fully compensated to do anything." It correctly observed, "Indeed, it would be nothing short of ironic that a party who has refused to timely pay the arbitrator should nonetheless demand that *anything* be decided by that same arbitrator." (*Cvejic v. Skyview Capital, LLC, supra*, 92 Cal.App.5th at p. 1078.)

The trial court also found, "Requiring the arbitrator to decide the predicate issue of whether the nonpaying drafting party had waived the right to arbitration would only allow that party to further delay the resolution of the aggrieved party's claim by continuing its foot-dragging, both perpetrating and exacerbating the prejudice to the claimant." Such a result would violate state public policy (*Cvejic v. Skyview Capital, LLC. supra*, 92 Cal.App.5th at p. 1079) and FAA policy (*Sink v. Aden Enterprises, Inc., supra*, 352 F.3d at pp. 1201-1202).

LFECR claims Doe violated her arbitration responsibilities by withdrawing from the arbitration. But Doe initiated an arbitration in the AAA in compliance with the arbitration

7.

agreement and she had a right to "withdraw unilaterally" from arbitration in compliance with statutory law. (*Cvejic v. Skyview Capital, LLC, supra*, 92 Cal.App.5th at p. 1078.) She complied with her arbitration responsibilities. It was LFECR that did not comply with its responsibilities by not timely paying the AAA fees.

*Is Section 1281.97 Preempted by the FAA?*

LFECR incorrectly claims section 1281.97 is preempted by the FAA.

In *Espinoza v. Superior Court, supra*, 83 Cal.App.5th at page 771, the court wrote, "We reject defendant's argument that the FAA preempts section 1281.97. The FAA preempts state laws that prohibit or discourage the formation or enforcement of arbitration agreements, or that interfere with fundamental attributes of arbitration." "[Section 1281.97] set forth procedural requirements to ensure timely payment of arbitration fees, thus '*further[ing]*' – rather than *frustrat[ing]* – the objectives of the FAA to honor the parties' intent to arbitrate and to preserve arbitration as a speedy and effective alternative forum for resolving disputes.' " (*Ibid.*)

In *Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621, 645, the court wrote that section 1281.97 meets the FAA goals by "putting a business's feet to the fire to pay on time," which "facilitates" the resolution of disputes "with alacrity."

We have reviewed LFECR's remaining contentions and we conclude it has not shown grounds for reversal.

DISPOSITION

The order is affirmed.  Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

9.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Law Office of Jon Borderud and Jon Borderud for Defendants and Appellants Lawyers for Employee and Consumer Rights, Robert Byrnes, Sabrina Sanders and Daniel Sorenson. Anticouni & Ricotta, Nicole K. Ricotta, Bruce N. Anticouni and Heather A. Quest for Plaintiff and Respondent Jane Doe.