Matter of Cadwalader, Wickersham & Taft LLP v Mod Champagne LLC (2024 NY Slip Op 05629)

Matter of Cadwalader, Wickersham & Taft LLP v Mod Champagne LLC

2024 NY Slip Op 05629

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 160669/22 Appeal No. 3034 Case No. 2023-04333 

[*1]In the Matter of Cadwalader, Wickersham & Taft LLP, Petitioner-Respondent,
v
Mod Champagne LLC, et al., Respondents-Appellants.

Glenn Agre Bergman & Fuentes LLP, New York (Michael P. Bowen of counsel), for appellants.
Cadwalader, Wickersham & Taft LLP, New York (Matthew M. Karlan of counsel), for respondent.

Order and judgment (same paper), Supreme Court, New York County (Richard Latin, J.), entered on or about August 17, 2023, granting the petition to proceed to arbitration and adjudging that respondents must pay their share of fees owed to the arbitration tribunal on or before September 15, 2023, unanimously modified, on the law, to deny the petition to compel respondents to pay their share of the fees owed to the arbitration tribunal, and otherwise affirmed, without costs.
The motion court had jurisdiction over respondent Brent Hocking. Once the arbitration panel ruled that Hocking consented to the arbitration panel's jurisdiction by participating in it, the motion court had no power to review that ruling (see Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281 [1977]). The arbitration panel's jurisdiction over Hocking conferred jurisdiction upon New York's courts (see Merrill Lynch, Pierce, Fenner & Smith Inc. v Lecopulos, 553 F2d 842, 844 [2d Cir 1977]).
However, the motion court had no power to intervene in the arbitration panel's decision to deny petitioner's request to compel respondents to pay the $68,000 they owed in arbitration fees (see Mobil Oil Indonesia, 43 NY2d at 281; Asesd, LLC v Vanguard Constr. & Dev. Co., Inc., 79 AD3d 418 [1st Dept 2010]; Whitestone Constr. Co., Inc. v Varied Constr. Corp., 118 AD3d 418, 419 [1st Dept 2014]). Once the panel declined to order the payment, respondents were not required to pay their share of the fees at that juncture. Contrary to petitioner's contention, the panel's determination that it lacked the power to seek information relevant to petitioner's request for payment of fees at that stage of the arbitration, did not render the panel's decision reviewable (see Whitestone Constr. Co., Inc., 118 AD3d at 419).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024