**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANEELA RAFIQUE; JOHN SOO-HOO; HAIDEE COLLADO, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> PREMIER FINANCIAL ALLIANCE, INC., a Georgia Corporation; DAVID CARROLL; JACK WU, <br><br> Defendants - Appellants. | No. 25-586 <br><br> D.C. No. 4:23-cv-00732-JST <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted December 1, 2025[**]
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ZIPPS, Chief District
Judge[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jennifer G. Zipps, United States Chief District Judge for the District of Arizona, sitting by designation.

Premier Financial Alliance, Inc. (Premier), David Carroll (Carroll), and Jack Wu (Wu) (collectively, Appellants) appeal the district court's grant of Appellees' motion to lift the stay pending arbitration. We affirm.

**1.** "[P]arties have the right under the FAA to choose the rules under which their arbitration will be conducted. . . ." *Tillman v. Tillman*, 825 F.3d 1069, 1076 (9th Cir. 2016) (citation omitted). "[W]hen an employer enters into an agreement requiring its employees to arbitrate, it must participate in the process or lose its right to arbitrate." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1013 (9th Cir. 2005).

Appellants contracted to arbitrate using AAA procedures. Appellants were clearly advised of the amount of filing fees owed by Appellants and the due date for those fees. The communications clearly stated that failure to remit payment would result in termination of the arbitration. Appellants do not dispute the fact that they failed to pay the required fee by the due date, nor the fact that they received the emails. Rather, Appellants contend that they should have been provided an extension of time because their failure to pay the fees was due to a "clerical error."

"[A] party waives its right to compel arbitration when (1) it has knowledge of the right, and (2) it acts inconsistently with that right." *Hill v. Xerox Bus. Servs., LLC,* 59 F.4th 457, 460 (9th Cir. 2023). "There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate;

rather, we consider the totality of the parties' actions . . ." *Newirth by Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 941 (9th Cir. 2019) (citations and internal quotation marks omitted). Courts have generally found that nonpayment of a filing fee is an act inconsistent with the right to arbitrate. *See Brown*, 430 F.3d at 1013; *see also Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1199-1200 (9th Cir. 2003).

Appellants do not dispute that they failed to pay the filing fee. In addition, they did not explain why they failed to respond to the multiple communications from AAA and Appellees' counsel regarding payment of the filing fee. There is also no evidence in the record that Appellants took any actions demonstrating an intent to proceed with arbitration prior to AAA closing the case. Thus, the totality of the circumstances supports the district court's finding that Appellants waived their right to arbitrate. *See Hill*, 59 F.4th at 460. So the district court "properly lifted the stay" of arbitration and allowed Appellees to proceed with their case in district court. *Tillman*, 825 F.3d at 1074 (citations omitted).[1]

**2.** "Generally, we will not consider arguments raised for the first time on appeal, although we have discretion to do so." *Rose Court, LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 688 (9th Cir. 2024) (citations and internal quotation

---

[1] In view of the district court's dispositive finding of waiver, there was no need to address the material breach issue or the preemption issue. *See Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005).

marks omitted). "We typically exercise our discretion to consider newly-raised issues in the following three circumstances: (1) in the exceptional case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a new issue arises while appeal is pending because of a change in the law, and, (3) when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *Id.* (citation and internal quotation marks omitted).

Appellants assert for the first time on appeal that AAA failed to comply with AAA Commercial Rules 59(e) and 59(f). They acknowledge that they did not specifically cite Rule 59 to the district court. However, they argue that an earlier version with an identical provision, Rule 57(e) – (f) was part of the record presented to the district court. Appellants contend that because Rules 57 and 59 are similar provisions, both AAA rules were "effectively part of the record . . . presented to the district court." We disagree. Because the issue being argued on appeal was not raised in the district court, and no circumstance exists that warrants our review of this issue in the first instance, we decline to exercise our discretion to consider this issue. *See id.*

**AFFIRMED.**[2]

---

[2]  Although we ultimately decide that Appellants' arguments on appeal lacked merit, we do not conclude that the appeal was frivolous.  *See Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1149 (9th Cir. 2024) ("An appeal is frivolous when the result is obvious or the appellant's arguments are wholly without merit. . . .") (citation and internal quotation marks omitted).